**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CALIFORNIA SPINE AND
NEUROSURGERY INSTITUTE, DBA San
Jose Neurospine, a California corporation,

Plaintiff-Appellant,

v.

BLUE CROSS OF CALIFORNIA, DBA
Anthem Blue Cross,

Defendant-Appellee.

No. 19-15192

DC No.   4:18 cv-04777-PJH

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted June 12, 2020
San Francisco, California

Before:     TASHIMA and HUNSAKER, Circuit Judges, and SELNA,** District
Judge.

California Spine and Neurosurgery Institute, dba San Jose Neurospine

("California Spine"), appeals from the district court's judgment dismissing its

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable James V. Selna, Senior United States District Judge
for the Central District of California, sitting by designation.

claims under the Employment Retirement Income Security Act of 1974 ("ERISA") against Blue Cross of California, dba Anthem Blue Cross ("Blue Cross"). We have jurisdiction under 28 U.S.C. § 1291. The district court concluded that the ERISA plan's anti-assignment provision required dismissal of this action and that Blue Cross had neither waived the anti-assignment provision, nor could be equitably estopped from asserting the provision. We review de novo a district court's dismissal for failure to state a claim. *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017).

1.      The district court erred in determining waiver was inapplicable. California Spine alleged that it notified Blue Cross it would provide surgical services to a member of an ERISA plan administered by Blue Cross. Later, California Spine submitted a reimbursement claim to Blue Cross indicating it was acting as the member's assignee, and Blue Cross partially denied the claim on a basis other than the anti-assignment provision. These allegations are sufficient to plead that Blue Cross waived its ability to rely on the anti-assignment provision. *See Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1296 (9th Cir. 2014) (considering an anti-assignment provision and explaining that "an administrator may not hold in reserve a known or reasonably knowable reason for denying a claim, and give that reason for the first time when the claimant challenges a benefits denial in court."); *Harlick v. Blue Shield of Cal.*,

19-15192

686 F.3d 699, 720 (9th Cir. 2012) ("ERISA and its implementing regulations are undermined where plan administrators have available sufficient information to assert a basis for denial of benefits, but choose to hold that basis in reserve rather than communicate it to the beneficiary." (internal quotation marks and citations omitted)).

2.    The district court also erred in concluding that California Spine failed to satisfy three equitable estoppel factors.  California Spine sufficiently alleged that it was not aware of the true facts, the anti-assignment provision was ambiguous, and Blue Cross's representations were not an impermissible amendment or modification of the plan.  *See Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 955-57 (9th Cir. 2014) (setting forth equitable estoppel factors in an ERISA action).  Because the district court analyzed only three of the equitable estoppel factors, *see id.*, the record is insufficiently complete for us to determine whether the district court erred in its equitable estoppel analysis.  We decline to reach the remaining factors for the first time on appeal.

Accordingly, we reverse the district court's judgment as to waiver and vacate the judgment as to equitable estoppel.  The district court should consider the remaining estoppel factors on remand.

Each party shall bear its own costs on appeal.

**REVERSED in part, VACATED in part, and REMANDED.**

19-15192